FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 15, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LETICIA RODRIGUEZ,<br><br>Defendant. | No. 4:21-CR-06028-MKD-7<br><br>ORDER FOLLOWING INITIAL APPEARANCE AND ARRAIGNMENT ON INDICTMENT AND SETTING CONDITIONS OF RELEASE |

On Tuesday, March 15, 2022, Defendant was arraigned on the Second Superseding Indictment (ECF No. 119). With Defendant's consent, Defendant appeared by video from the Benton County Jail. Defendant was represented by court-appointed attorney Nicholas Marchi. Assistant United States Attorney Stephanie Van Marter represented the United States.

Defendant was advised of and acknowledged Defendant's rights.

A member of the Criminal Justice Act Panel was appointed to represent Defendant.

Defendant pled not guilty.

ORDER - 1

The United States did not move for detention

The Court directs the parties to review the Local Criminal Rules governing discovery and other issues in this case.  http://www.waed.uscourts.gov/court-info/local-rules-and-orders/general-orders.

Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the United States has a continuing obligation to produce all information or evidence known to the United States relating to guilt or punishment that might reasonably be considered favorable to Defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence.  *See United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009).  Accordingly, the Court orders the United States to produce to Defendant in a timely manner all such information or evidence.

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence.  If doubt exists, it should be resolved in favor of Defendant with full disclosure being made.

If the United States believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement

ORDER - 2

technique, or any other substantial government interest, the United States may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the United States' obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the United States' obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017) (quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012)).

**IT IS ORDERED:**

1. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances under 18 U.S.C. §

ORDER - 3

3142(f), that party shall file a motion with the Court, served upon the United States Attorney, stating what circumstances are new, how they are established, and the requested change in conditions of release.

3. If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(a), counsel shall adhere to the Detention Order Review Protocol found in LCrR 46(k).

4. Defendant is bound over to Judge Mary K. Dimke for further proceedings.

5. Defendant shall be released on **March 16, 2022 at 8:00 AM** to report directly to the Richland, Washington United States Probation Office and Defendant shall abide by the following conditions at all times:

**STANDARD CONDITIONS OF RELEASE**

1. Defendant shall not commit any offense in violation of federal, state, or local (including tribal) law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

2. Defendant shall immediately advise the Court and the United States Attorney in writing before any change in address.

3.	Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

4.	Defendant shall sign and complete form A.O. 199C before being released.

5.	Defendant shall not possess a firearm, destructive device, or any dangerous weapons.

6.	Defendant shall report to the U.S. Probation/Pretrial Services Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

7.	Defendant shall contact defense counsel at least once a week.

8.	Defendant is further advised it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to receive, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

9.	Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law.  Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

ORDER - 5

10. Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

**SPECIAL CONDITIONS OF RELEASE**

1. Defendant shall remain in the District of Oregon where she resides and the Eastern District of Washington for Court unless given permission by the United States Probation/Pretrial Services Office.

2. Defendant shall notify the United States Probation/Pretrial Services Office within 24 hours of any change in address, telephone number, or employment.

3. Defendant shall avoid all contact, direct or indirect, with any co-defendants and with any persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

4. GPS Location Monitoring: Defendant shall participate in a program of GPS location monitoring. Defendant shall wear at all times a GPS device under the supervision of United States Probation/Pretrial Services Office. In the event Defendant does not respond to GPS monitoring or cannot be found, the United States Probation/Pretrial Services Office shall immediately advise the Court. Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the United States Probation/Pretrial Services Office.

ORDER - 6

     5.    Curfew: Defendant shall be restricted to Defendant's approved residence every day from 8:00 PM to 6:00 AM.

DATED March 15, 2022.

<i>s/James P. Hutton</i><br>
JAMES P. HUTTON<br>
UNITED STATES MAGISTRATE JUDGE

ORDER - 7