FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 05, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LETICIA RODRIGUEZ (7),<br><br>　　　　Defendant. | No. 4:21-CR-06028-MKD-7<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br>**ECF No. 512** |

Before the Court is Defendant Leticia Rodriquez (7)'s motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1). ECF No. 512. The United States opposes the motion. ECF No. 522.[1] The Court has reviewed the

---

[1] The United States originally objected to Defendant's motion based on Defendant's failure to follow the Eastern District of Washington's screening process for indigent defendants seeking compassionate release. ECF No. 519. The United States has since withdrew those aspects of its motion, taking the sole position that Defendant has not established her eligibility for compassionate

ORDER - 1

motion and the record and is fully informed. For the reasons stated below, the Court denies the motion.

## BACKGROUND

In March 2022, Defendant Leticia Rodriquez (7), and nine others, were charged in a six-count indictment with a large drug distribution conspiracy beginning in November 2019. ECF No. 119. On May 9, 2023, Defendant entered a plea of guilty to Count 1 of the Second Superseding Indictment, Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). ECF No. 349. On October 2, 2023, Defendant was sentenced to sixty months of incarceration and five years of supervised release. ECF No. 410.

Defendant filed the instant Motion for Compassionate Release on November 7, 2024. ECF No. 512. Defendant seeks compassionate release due to her adult daughter's relapse of cancer, Acute Lymphoblastic Leukemia, and asks the Court to reduce her imposed sentence of sixty months to time served. *Id.* at 1.

## LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress has provided a statutory exception to this general

---

release. ECF No. 522.

ORDER - 2

rule, giving courts discretion to grant compassionate release under limited circumstances. *See* 18 U.S.C. § 3582(c)(1)(A). Compassionate release is to be viewed as a narrow exception, as it "derogates from the principle of finality." *United States v. Wright*, 46 F.4th 938, 944-45 (9th Cir. 2022) (citing *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

To bring a motion for compassionate release, defendants must first exhaust their administrative remedies within the Bureau of Prisons or wait thirty days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). After a defendant satisfies the administrative requirement, the district court must then consider: (1) whether extraordinary and compelling reasons warrant such a reduction; (2) whether such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission; and (3) the sentencing factors set forth in 3553(a) to the extent they are applicable. *Wright*, 46 F.4th at 945 (citing *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020)). The district court "may deny compassionate release if a defendant fails to satisfy any of these grounds." *Id.* (citing *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021)).

## DISCUSSION

Defendant seeks compassionate release. ECF No. 512. Defendant asserts that she filed a request for compassionate release with the warden of FCI-

ORDER - 3

Aliceville, where she is currently incarcerated. ECF No. 512 at 2. Defendant does not specify when this request was filed, *see id.*, but the United States does not dispute that Defendant has satisfied the administrative remedy exhaustion requirement of 18 U.S.C § 3582(c)(1). *See generally* ECF Nos. 519, 522. Accordingly, the Court must consider whether Defendant has established extraordinary and compelling reasons warranting a reduction under 18 U.S.C. § 3582(c)(1)(A)(i) or whether the 18 U.S.C. § 3553(a) sentencing guidelines warrant a reduction in sentence.

**A. Extraordinary and Compelling Reasons**

It is the defendant's burden to establish an extraordinary and compelling reason warranting compassionate release. *See Wright*, 46 F.4th at 951. Congress has not provided a statutory definition of "extraordinary and compelling reasons." *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam). Instead, Congress directed that the United States Sentencing Commission determine what qualifies as extraordinary and compelling reasons to support compassionate release. 28 U.S.C. § 994(t). The Sentencing Commission's policy statement regarding compassionate release resides in U.S.S.G § 1B1.13. *Aruda*, 993 F.3d at 800.

Relevant here, U.S.S.G § 1B1.13 authorizes compassionate release where a defendant can show the "incapacitation of the caregiver of the defendant's minor

ORDER - 4

child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." U.S.S.G § 1B1.13(b)(3)(A). Defendant argues that there are extraordinary and compelling reasons to warrant her release under the "Family Circumstances" provision of USSG § 1B1.13 based on her adult daughter's relapse of cancer. ECF No. 512 at 5.

A diagnosis of cancer alone is insufficient to establish extraordinary and compelling reasons warranting compassionate release. *See United States v. Howard*, No. 13-CR-186, 2024 WL 1930250 (D. Nev. May 2, 2024), *aff'd,* No. 24-3371, 2024 WL 5205954 (9th Cir. Dec. 24, 2024) ("Defendant has not claimed, much less established, that his adult daughter is incapable of self-care because of her cancer diagnosis."). Defendant has provided a letter from a hospital social worker indicating that Defendant's adult daughter will need a caregiver to offer support with medical decisions and care. ECF No. 514 at 2. This letter does not sufficiently show that Defendant's adult daughter is incapable of self-care. Defendant has also provided the medical records of her adult daughter. While the Court acknowledges the emotional and physical effects of the cancer diagnosis, the records fail to establish that Defendant's adult daughter is incapable of self-care. *See* ECF No. 514 at 4-41. Therefore, Defendant has failed to establish extraordinary and compelling reasons warranting compassionate release.

ORDER - 5

B. **Section 3553(a) Factors**

Even if Defendant's circumstances constituted extraordinary and compelling reasons, a sentence reduction would not align with applicable sentencing factors set forth in Section 3553(a). The relevant factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, and (2) the need for the sentence imposed to reflect the seriousness of the offense, and to adequately deter criminal conduct to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Defendant was involved in a highly sophisticated drug distribution conspiracy before and during her employment as a corrections officer at the penitentiary in Walla Walla, Washington, transporting a significant amount of narcotics. ECF No. 402 at 1. At sentencing, the Court considered the relevant Section 3553(a) factors and granted a downward variance based on Defendant's family circumstances, aberrant behavior, and role in the offense. ECF No. 411 at 3. The Court sentenced the Defendant below the guideline range, finding a sixty-month sentence sufficient and necessary.

The Court acknowledges that at the time of sentencing, Defendant's adult daughter was not experiencing a relapse of her cancer. *See* ECF No. 400 at 18 ¶ 122. However, the imposed sentence, which is below the guideline range in part because of Defendant's family circumstances, remains necessary to reflect the

ORDER - 6

seriousness of the offense, promote respect for the law, and to provide punishment for the offense. 18 U.S.C. § 3553(a).

### CONCLUSION

Having found that Defendant has failed to make the requisite showing of extraordinary and compelling reasons that her sentence should be reduced, and because a reduction would be at odds with the sentencing factors under Section 3553(a), the Court denies Defendant's Motion for Compassionate Release.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Compassionate Release, **ECF No. 512**, is **DENIED**.

**IT IS SO ORDERED.** The District Clerk is hereby directed to enter this Order and provide copies to Defendant and Counsel for the United States.

DATED February 5, 2025.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 7